IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )  Case No. CR-24-365-PRW |
| KOREIONTAE CRISSHAWN PULLEN, | ) |
| and MATTHEW DAMEUN UMUDE, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the Court is Defendant Koreiontae Crisshawn Pullen's Unopposed Motion to Continue Pretrial Conference Deadlines, and Trial Docket to February Docket (Dkt. 23). While the Motion's title indicates it is seeking a continuance of this case to the February 2025 trial docket, counsel requests throughout the Motion a continuance of this case to the January 2025 trial docket (*see* Dkt. 23). This is Defendant's first such request for a continuance.

The Speedy Trial Act "generally requires that a defendant be brought to trial within seventy days of the filing of the indictment or information or the defendant's initial appearance, whichever occurs later."[1] But the statute also provides that several periods of time "are excluded from the seventy-day window."[2] Defendant argues that one of those

---

[1] *United States v. Watson*, 766 F.3d 1219, 1228–29 (10th Cir. 2014).

[2] *Id.* (citing 18 U.S.C. § 3161(h)).

1

exclusions, 18 U.S.C. § 3161(h)(7)(A), applies in this case and justifies excluding any delay resulting from his request from the Speedy Trial Act's calculations. That subsection excludes "[a]ny period of delay resulting from a continuance granted by any judge . . . on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."[3] Though this provision is "meant to be a rarely used tool for those cases demanding more flexible treatment,"[4] it "gives the district court discretion—within limits and subject to specific procedures—to accommodate limited delays for case-specific needs."[5] To grant an ends-of-justice continuance, the district court must explain "its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."[6] The Court must also consider the factors set forth in 18 U.S.C. § 3161(h)(7)(B).[7]

Upon careful consideration, the Court finds that the ends of justice served by granting a two-month continuance outweigh the best interest of the public and the defendant in a speedy trial. In making this determination, the Court has specifically considered the length of delay, the reason for delay, any prejudice to Defendant,

---

[3] § 3161(h)(7)(A).

[4] *United States v. Doran,* 882 F.2d 1511, 1515 (10th Cir. 1989) (internal quotation marks omitted).

[5] *Zedner v. United States,* 547 U.S. 489, 499 (2006).

[6] § 3161(h)(7)(A).

[7] *Watson*, 766 F.3d at 1229. These four factors are non-exclusive, and the Court need not address the factors that plainly do not apply. *See United States v. Occhipinti,* 998 F.2d 791, 798 (10th Cir. 1993).

Defendant's assertion of his rights, and other relevant circumstances. Additionally, the Court has considered whether the failure to grant a continuance would "likely make continuation of [the] proceeding impossible, or [would] result in a miscarriage of justice,"[8] and also whether the failure to grant a continuance "would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation."[9] Based on counsel for Defendant's representation that he needs more time to conduct investigations and review discovery because he received additional evidence relating to drug transactions that may result in possible additional charges, the Court finds that failure to grant a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."[10] The Court therefore finds that the extended time granted by this continuance should be excluded from calculations under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

The Speedy Trial Act also excludes a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted."[11] Generally, under this provision, "all parties who are joined for trial fall within the speedy trial computation of the latest

---

[8] § 3161(h)(7)(B)(i).
[9] § 3161(h)(7)(B)(iv).
[10] *Id.*
[11] § 3161(h)(6).

codefendant joined."[12] And when the Court finds a delay to be reasonable, "an exclusion for delay attributable to one defendant is applicable to all co-defendants."[13]

To determine whether a delay is reasonable, courts in the Tenth Circuit are to consider three factors: "(1) whether the defendant is free on bond, (2) whether the defendant zealously pursued a speedy trial, and (3) whether the circumstances further the purpose behind the exclusion to accommodate the efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial."[14] Having considered these factors, the Court finds that a two-month delay is reasonable as to Defendant Matthew Dameun Umude. Defendant Umude is currently free on bond, he does not oppose the continuance, and the Court has not ordered severance as to the two defendants.

Accordingly, the Court hereby **STRIKES** the case from the Court's November 2024 Trial Docket; **STRIKES** the docket call set for October 31, 2024; and **RESETS** the case on the Court's January 2025 Trial Docket.

**IT IS SO ORDERED** this 29th day of October 2024.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[12] *United States v. Cortes-Gomez*, 926 F.3d 699, 704–05 (10th Cir. 2019) (citation omitted).

[13] *Id.* (internal quotation marks and citation omitted).

[14] *Id.* (internal quotation marks and citation omitted).